Compiled

SUPERIOR COURT
OF GUAM

'13 DEC 16 PM 2: 13

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM | CRIMINAL CASE NO. CF 0483-12 |
| --- | --- |
| v. | |
| MARIANO TACLA PERE, | **DECISION AND ORDER** |
| Defendant. | |

This matter came before the Honorable Arthur R. Barcinas on Defendant's Ex Parte Application and Motion for Mistrial Based on Juror Misconduct on the 13th day of December, 2013. Attorney David Lujan represents Defendant and Assistant Attorney General Matthew Heibel represents the People. For the reasons set forth below, this Court denies the motion.

Defendant is charged with a total of eight counts of criminal sexual conduct. Trial commenced on October 23, 2013, and the jury began its deliberations on December 3, 2013. During the course of the jury's deliberations, the Court received a note from the Foreperson in which the Foreperson expressed concern over the ability of a fellow juror to deliberate impartially. The Foreperson suggested that her concern was shared by another juror.

The Court met with counsel, apprised them of the situation, and inquired of the Foreperson on the record and outside the presence of the other jurors. Without inquiring into the progress of the jury's deliberations or the circumstances under which the Foreperson's concern arose, the Court determined that the Foreperson's concern was that a member of the jury wanted evidence that was not in the record. The Court did not inquire into the nature of such evidence. The Court then heard from counsel regarding how they wished the Court to proceed. The Defendant wished to inquire further of the Foreperson as well as the fellow concerned juror and juror whose impartiality was called into question.

The Court proceeded to admonish the full jury about its oath to deliberate fairly and impartially and to consider only the evidence before it. The Court also polled the jury and confirmed that no juror felt that he or she could not perform his or her duty fairly and impartially with respect to the evidence presented by the parties. No juror indicated an inability to continue in conformance with the Court's instructions, and, in particular, no juror suggested that he or she could not proceed without further evidence. Defendant now moves this Court to grant a mistrial because of "the current jury deadlock and by actual notification from the jury of one juror's inability to deliberate in a fair and impartial manner."

The Ninth Circuit has held that "a flexible rule" governs a court's inquiry into juror bias such that due process does not require the trial court to question the jurors alleged to have bias. Sims v. Rowland, 414 F.3d 1148, 1155 (9th Cir. 2005); see also Casey v. Moore, 386 F.3d 896, 909 (9th Cir. 2004) (trial judge did not err when he "proceeded carefully and cautiously, assessing the jurors' credibility, demeanor, and potential for bias"); cf., People v. Haskett, 52 Cal. 3d 210, 236 (1990) (it is "well settled" that the trial court has a duty to conduct an inquiry once a juror's inability to perform his duty is called into question). Due process requires only that all parties be represented, and that the investigation be reasonably calculated to resolve the doubts raised about the juror's impartiality. Sims, 414 F.3d at 1155-56 (quoting Dyer v. Calderon, 151 F.3d 970, 973 (9th Cir. 1998)) (internal quotations omitted). So long as the fact-finding process is objective and reasonably explores the issues presented, the trial judge's findings based on that investigation are entitled to a presumption of correctness. Id.; Hayes v. Ayers, 632 F.3d 500, 512 (9th Cir. 2011).

To determine whether a hearing is required, the trial court should "consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." Sims, 414 F.3d at 1155 (internal quotations omitted) (citing United States v. Langford, 802 F.2d 1176, 1180 (9th Cir. 1986). As opposed to a "hard-and-fast rule requiring [an] automatic, full-fledged hearing," a court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances. Id. (citing Tracey v. Palmateer, 341 F.3d 1037, 1044, n. 4 (9th Cir. 2003)); Haskett, 52 Cal. 3d at 236 (trial court "had ample grounds to conduct an inquiry based upon the foreman's note which suggested that a juror was refusing to perform his duties").

Defendant offers a speculative claim of prejudice and juror misconduct that belies the Court's inquiry of the Foreperson and the full jury. Defendant fails to demonstrate how the Court deviated from relevant case law or how the Foreperson's note automatically warrants a mistrial. Upon receipt of the Foreperson's note, the Court informed counsel, discussed with counsel the proper approach to the situation, and, based on the nature of an allegation of partiality, queried the Foreperson delicately so as to preserve the sanctity of the jury's deliberations. The Foreperson conducted herself in a respectful manner and likewise spoke carefully to avoid betraying any details of the jury's deliberations. Based on the Foreperson's credibility and demeanor, the Court remains satisfied that the Foreperson brought the matter to the Court's attention out of prudence and respect for the oath taken by the jury. The Court is likewise satisfied that its curative admonishment to the jury regarding to its duty to act impartially and to consider only the available evidence was appropriate under the circumstances. Defendant's motion for a mistrial, therefore, is denied.

**IT IS SO ORDERED** this day of December 16, 2013.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam


I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagatna, Guam

DEC 1 6 2013

Scott E. Hermosilla
Deputy Clerk
Superior Court of Guam